UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20221-ALTMAN

**THOMAS M. WHITE**, *et al.*,

    *Plaintiffs*,

*v.*

**ELIZABETH K. RICHERT**,

    *Defendant*.

_____/

## **ORDER**

This case comes to us from the Bankruptcy Court. On January 19, 2024, the Defendant in that underlying proceeding, Elizabeth Richert, filed on our docket a Motion (Complaint) to Withdraw the Reference (the "Motion") [No. 24-cv-20221 ECF No. 1].[1] For the reasons we outline below, we **DENY** the Motion **without prejudice**.

### FACTUAL AND PROCEDURAL BACKGROUND

To properly understand this case, we must go back to a 2015 Illinois state-court proceeding that was eventually removed to the Northern District of Illinois. *See* Notice of Removal [No. 15-cv-08185 ECF No. 1]. In that case, Anna White sued Richert by petitioning the court "to produce a deed and for an accounting" into Richert's role as trustee of White's deceased brother's revocable trust. *See* Petition for Production of Deed and Accounting [No. 15-cv-08185 ECF No. 1-1]. When White passed

---

[1] As we'll see, this is one of four related cases. Here they are in chronological order:

- *White, et al. v. Richert*, No. 15-cv-08185 (N.D. Ill. filed Sept. 18, 2015);
- *In Re: Elizabeth Richert*, No. 22-bk-16713 (S.D. Fla. filed Aug. 30, 2022);
- *White, et al. v. Richert*, No. 23-ap-01110 (S.D. Fla. Bankr. filed May 8, 2023);
- *White, et al. v. Richert*, No. 24-cv-20221 (S.D. Fla. filed Jan. 19, 2024) (our case).

To keep these dockets straight, we'll add the respective case numbers to all our ECF citations.

away, her adult children—Thomas White and Kathleen White Murphy (our Plaintiffs)—were "appointed and authorized to prosecute the claims." September 4, 2019, Minute Entry [No. 15-cv-08185 ECF No. 340]. The Whites ultimately prevailed, and (in 2021) the Northern District of Illinois awarded them $246,152.76 in compensatory and punitive damages, *see* Judgment in a Civil Case [No. 15-cv-08185 ECF No. 468], as well as $95,845.89 in attorneys' fees and costs, *see* December 29, 2022, Minute Entry [No. 15-cv-08185 ECF No. 518].

On August 30, 2022, Richert filed a Voluntary Petition for Chapter 13 Bankruptcy [No. 22-bk-16713 ECF No. 1]. The Whites responded with a proof of claim in the amount of $341,998.65 (which "was designated Claim No. 5 by the Clerk of Court"). *See* Objection to Claim [No. 22-bk-16713 ECF No. 129]. On May 8, 2023, the Whites filed their Complaint Objecting to Dischargeability of Debt, Objecting to Debtor's Discharge, and for Declaratory Relief [No. 23-ap-01110 ECF No. 1]. In that Bankruptcy Complaint, they advanced seven counts, all but one of which the Bankruptcy Court abated. *See* Order Granting Motion to Abate Counts I–VI of Complaint [No. 23-ap-01110 ECF No. 45]. The upshot is that the only live claim from that Bankruptcy Complaint is Count VII, which requests that a particular Illinois property "be declared property of the Robert Trust." Bankruptcy Complaint ¶ 105. On August 9, 2023, Richert filed her Motion to Dismiss Count VII of the Complaint with Prejudice [No. 23-ap-01110 ECF No. 37], which the Bankruptcy Court denied in an October 25, 2023, Order [No. 23-ap-01110 ECF No. 49].

Several weeks later, Richert filed this Motion, arguing that she "has demanded a jury trial and has not consented to the trial being conducted in the bankruptcy court." Motion ¶ 1. The Whites answered with their Response to the Defendant's Motion to Withdraw Reference of Adverse Proceeding [No. 24-cv-20221 ECF No. 2-3] (the "Response"). In essence, the Whites oppose the Motion on three grounds. *First*, they say that "[a]n action for declaratory relief is an equitable remedy and, therefore, Richert is not entitled to a trial by jury." Response ¶ 21. *Second*, they note that Richert

2

isn't entitled to a jury trial because she "voluntarily subjected herself to the jurisdiction of the bankruptcy court." *Id.* ¶ 23. *Third*, they contend that "withdrawal" wouldn't be "appropriate" because "Count VII . . . is a 'core' proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)." *Id.* ¶ 26.

In her Reply to the Plaintiffs' Response [No. 24-cv-20221 ECF No. 2-5] (the "Reply"), Richert asserts that "there is no question that the Illinois Property is presently (and was on the petition date) titled in the name of, and owned by, the Elizabeth Richert Revocable Trust." Reply ¶ 5. She also alleges that "[t]here is no legitimate dispute of contract interpretation or statute application that requires a declaratory action here." *Id.* ¶ 7. According to Richert, therefore, the "Plaintiffs' insistence that their Count VII is an action for declaratory relief seeks to, among other things: (i) shortcut a substantive analysis; (ii) avoid the dispute over the proper trustee of the Robert Trust (in which the Maricopa County, Arizona superior court has exclusive jurisdiction); and (iii) terminate [her] right to a jury trial on a fraudulent transfer theory of recovery." *Id.* ¶ 6.

## THE LAW

District courts have original jurisdiction over all cases brought under Title 11. *See* 28 U.S.C. § 1334(a). Under 28 U.S.C. § 157, a district court may refer actions within its bankruptcy jurisdiction to its bankruptcy judges. The Southern District of Florida has a standing order that automatically refers all bankruptcy matters to the Bankruptcy Court. *See* Administrative Order 2012-25 ("Pursuant to 28 U.S.C. § 157(a), *any and all* cases under title 11 and *any and all* proceedings arising under title 11 or arising in or related to a case under title 11 *are referred* to the bankruptcy judges of this district." (emphasis added)).

A district court "*may* withdraw" any proceeding referred to the bankruptcy court "*for cause shown.*" 28 U.S.C. § 157(d) (emphasis added).[2] "The decision of whether to grant a motion for

---

[2] Section 157(d) also provides for *mandatory* withdrawal in limited circumstances: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that

3

permissive withdrawal is within the sound discretion of the district court." *Stok Folk + Kon, P.A. v. Fusion Homes, LLC*, 584 B.R. 376, 381–82 (S.D. Fla. 2018) (Cooke, J.) (cleaned up); *see also In re Palm Beach Fin. Partners, L.P.*, 2013 WL 3490652, at *4 (S.D. Fla. July 8, 2013) (Marra, J.) ("Here, the Court elects not to exercise its discretion to withdraw the reference at this time."); *In re Tousa, Inc.*, 2010 WL 1644456, at *3 (S.D. Fla. Apr. 19, 2010) (Cohn, J.) ("Section 157(d) affords the district court discretion to grant a permissive withdrawal for 'cause.'").

In deciding whether to withdraw a reference, courts in this Circuit consider the following factors: (1) the need to advance uniformity in bankruptcy administration; (2) the need to decrease forum shopping and confusion; (3) the most economical use of the parties' resources; (4) the need to facilitate the bankruptcy process; (5) whether the claims at issue are core or non-core; (6) the most efficient use of judicial resources; (7) any jury demand; and (8) the prevention of delay (the "*Stettin* factors"). *See Stettin v. Centurion Structured Growth LLC*, 2011 WL 7413861, at *2 (S.D. Fla. Dec. 19, 2011) (Jordan, J.) (listing these factors). Richert—as the movant—bears the burden of justifying her request for withdrawal of the reference. *See In re Wi-Sky Inflight, Inc.*, 483 B.R. 788, 792 (N.D. Ga. 2012).

## ANALYSIS

"[I]t is the regular practice of the District Court to withdraw the reference," if at all, "for purposes of the jury trial only." *Brown v. Petaccio*, No. 18-cv-61222, at 2 (S.D. Fla. June 12, 2018) (Bloom, J.); *see also Ginsburg v. Enis*, No. 10-cv-62405, at 3 (S.D. Fla. July 14, 2011) (Zloch, J.) (noting that the "custom of this District" is to "allow the bankruptcy court to conduct all pre-trial matters"). This practice balances the rights a bankruptcy defendant may have to a jury trial, *see Granfinanciera, S.A.*

---

resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). No party has sought mandatory withdrawal here.

*v. Nordberg*, 492 U.S. 33, 38 (1989), with the efficiencies that flow from allowing the bankruptcy court to adjudicate all pretrial matters in adversary proceedings. We see no reason to deviate from this general practice here.

Facing the well-settled custom in this District, Richert asks us to withdraw the reference on the grounds that she *may* have the right to a jury trial and that she hasn't consented to a jury trial before the bankruptcy court. *See* Motion ¶ 1. But, even if Richert *is* entitled to a jury trial—a question we do not answer today—withdrawal would nonetheless be inappropriate *at this time*. Federal courts routinely deny a party's request to withdraw the reference "where the basis of the request is a party's entitlement to a jury trial." *In re Tousa, Inc.*, 2010 WL 1644456, at *5; *see also In re Fundamental Long Term Care, Inc.*, 2014 WL 2882522, at *2 (S.D. Fla. June 25, 2014) (Kovachevich, J.) ("Allowing the Bankruptcy Court to retain jurisdiction over pretrial matters does not abridge a party's Seventh Amendment right to a jury trial."); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (noting that the "appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination *if* and *when* the case becomes trial ready" (emphasis added)).

Richert's Motion is thus premature. On this point, we find Judge Marra's approach in *In re Palm Beach* instructive. *See In re Palm Beach*, 2013 WL 3490652, at *1. There, as here, the defendants had urged the district court to withdraw an adversary proceeding from the Bankruptcy Court because (they insisted) they were entitled to a jury trial. *Ibid.* The court denied their motion and held that the defendants' "request for a jury trial does not require a withdrawal of the reference at this time." *Ibid.* Plus, the court added, the defendants' request was premature because they could always re-raise the issue if they later chose to exercise their "Seventh Amendment right to a jury trial by an Article III Court." *Id.* at *4.

In any event, six of the eight *Stettin* factors militate in favor of allowing the bankruptcy court to retain this case until the question of Richert's entitlement to a jury trial *must* be

5

resolved. Specifically, keeping this case in the bankruptcy court for all pre-trial proceedings "advance[es] uniformity in bankruptcy administration, decreas[es] forum shopping and confusion, promot[es] the economical use of the parties' resources, and facilitat[es] the bankruptcy process." *Stettin*, 2011 WL 7413861, at *2 (quoting *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000)). This approach also represents the most "efficient use of judicial resources" and "prevent[s] delay." *Ibid.* (cleaned up). Keeping the whole case together in the bankruptcy court is, after all, consistent with our District's general practice in bankruptcy cases, *see* Administrative Order 2012-25—and it accordingly promotes consistency, advances uniformity within *both* the district *and* bankruptcy courts, engenders transparency (especially for bankruptcy litigants), and limits forum shopping and confusion. Insisting that Richert's claims remain in the bankruptcy court (for now) is also the most economical and efficient approach, as it consolidates all pre-trial litigation and preliminary decision-making in one court—the one that's most familiar with the oftentimes sprawling and confusing factual records associated with bankruptcy proceedings. *See In re Fundamental Long Term Care*, 2014 WL 2882522, at *2 ("The involved history of this case shows that the Bankruptcy Court is already familiar with the facts; allowing the Bankruptcy Court to resolve all pretrial matters will promote uniformity in the bankruptcy administration, and will make efficient use of the Bankruptcy Court's expertise."). Finally, our approach facilitates the bankruptcy process and prevents delay because it ensures that the litigation moves forward *without* shifting from one court to court another—a process that would require unfamiliar judges to spend valuable time catching up on prior docket filings.

And then there are the other two *Stettin* factors—"whether a claim is core or none-core" and whether a party filed a "jury demand." *Stettin*, 2011 WL 7413861, at *2. We won't decide the former question today because it doesn't appear from the record that the Bankruptcy Court has yet done so. *See In re Fundamental Long Term Care*, 2014 WL 2882522, at *2 ("Whether a matter is core or non-core is a determination that should first be made by the Bankruptcy Court. The Court is not aware that the

Bankruptcy Court has made this determination; therefore the Court will not consider this factor in analyzing the propriety of withdrawal." (cleaned up)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding[.]"). And, while there's no doubt that Richert has filed a jury-trial demand, *see* Motion ¶ 1, that demand isn't, standing alone, enough for us to extract these proceedings from the bankruptcy court *right now. See In re Tousa*, 2010 WL 1644456, at *5 ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." (quoting *In re Apponline.Com, Inc.*, 303 B.R. 723, 727 (E.D.N.Y. 2004))).

Because the Bankruptcy Court is fully capable of resolving all pretrial issues in this case, we'll withhold ruling on the question of withdrawal until the parties are ready for trial. *See In re Fundamental Long Term Care*, 2014 WL 2882522, at *2 ("Allowing the Bankruptcy Court to retain jurisdiction over pretrial matters does not abridge a party's Seventh Amendment right to a jury trial.").

\*\*\*

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Motion to Withdraw Reference of Adversary Proceeding [No. 24-cv-20221 ECF No. 1] is **DENIED without prejudice** and with leave to refile once the case is ripe for trial.
2. The referral is **AFFIRMED** consistent with this Order.
3. The **Clerk of Court** is directed to **CLOSE** this case. Any pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED**.

7

**DONE AND ORDERED** in the Southern District of Florida on February 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Clerk of Court, United States Bankruptcy
Court for the Southern District of Florida